## HART v. KING *et al.*

No. 1753. Opinion Filed May 14, 1912.

(123 Pac. 1062.)

**VENDOR AND PURCHASER—Breach of Contract—Pleading.** A suit in damages for the breach of a written contract to convey land, wherein plaintiff ''agrees to buy subject to an option given R. & W., expiring May 20th, 1909,'' must assign as a breach of the contract that defendants failed to sell and convey after R. & W. had failed to exercise their prior right to buy.

(Syllabus by the Court.)

*Error from District Court, Cherokee County;*
*John H. Pitchford, Judge.*

Action by B. L. Hart against R. F. King and W. A. Parker. Judgment for defendants, and plaintiff brings error. Affirmed.

*Bruce L. Keenan,* for plaintiff in error.

*W. W. Hastings, J. Berry King,* and *J. I. Coursey,* for defendants in error.

TURNER, C. J. On January 27, 1910, plaintiff in error, B. L. Hart, sued the defendants in error, R. F. King, and W. A. Parker, in damages for $3,520 in the district court of Cherokee county. The petition substantially states that on May 10, 1909, said King, for himself and as agent for Parker, agreed in writing to sell and convey to plaintiff certain land in Nowata county, according to the terms of a certain contract which was filed as an exhibit, and read:

"Hulbert, Okla., 5-10-1909. This agreement made and entered into this day by and between R. F. King and W. A. Parker, parties of the first part, and B. L. Hart of Windsor, Me., party of second part, witnesseth: That said first parties have this day sold to said second party at price and sum of fourteen dollars per acre the following described land in Nowata Co., Okla. to wit [describing it]. First party to furnish abstract

of title down to date showing good title free of lien and to give possession on delivery of deed.   Second party is to pay cash on delivery of genl. warranty deed with abs. down to date showing good title.   Title to be passed upon by a good resident attorney of Okla. to be chosen by second party (——— Stone).   Atty.· to promptly examine abstract when delivered if Abs are accepted. $1000.00 to be deposited in the 1st Natl. Bk. at Muskogee in escrow, for faithful performance of the cont.   First party agrees to perfect any defect that might be in said titles.   In case atty. Stone claims title can not be made good then cont. to be null & void.   Second party agrees to buy subject to an option given Rowe & Wood expiring May 20th, 1909 at $15.00 an acre. [signed] King & Parker, by R. F. King.   B. L. Hart.   The above described land is all in township twenty-five (25), Range fifteen (15).   B. L. Hart.   [Seal.]"

The petition further states :

"Plaintiff says he did all that was required of him by his part of said contract; that he selected Mr. Stone as the attorney, and employed him to examine and pass upon the abstract of title agreed to be furnished by the parties of the first part, meaning defendants; that said defendants failed and neglected to furnish the abstracts as they agreed either to plaintiff or to Mr. Stone, attorney.   Though demanded to do so, they have utterly failed to carry out their contract by furnishing either the abstracts of title, or to furnish a general warranty deed conveying said lands to the plaintiff, and that plaintiff has always since the execution of said contract and is now ready and willing to perform his contract and to pay the cash for said lands as set out in said contract, to wit, the sum of $12,320, and by reason of said failure of said defendants to perform their obligations of said contract and by their violation and breach thereof the plaintiff has been greatly damaged, to wit, in the sum of $3,520."

In sustaining a demurrer thereto, the court, in effect, held that the same failed to state a breach of the contract.   The whole intent and meaning of the contract was that the owners of the land would sell· and convey it to plaintiff for so much money and make an abstract thereto, provided Rowe & Wood did not by May 20, 1909, exercise their prior right to buy.   Clearly a breach of the contract should have alleged that defendants failed to sell and convey after Rowe & Wood had failed to exercise their prior right to buy.   In *Stokes v. Baars,* 18 Fla. 656, the

contract was to deliver timber "as fast as water will permit and to be completed not later than the 15th of June." It was held that the declaration for nondelivery must allege that the water was such as to permit the delivery, for the reason that this was evidently a condition of the contract to deliver.

A further citation of authority is unnecessary. The demurrer was properly sustained. Affirmed.

All the Justices concur.